JS-6

James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail: jberry@bandlpc.com
E-Mail: klussier@bandlpc.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-Mail: stephen@smgpa.net

Attorneys for Plaintiff CHANEL, INC.

# THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATION d/b/a LUXEVOUTE.COM d/b/a ETUIMAISON.COM, and DOES 1-10,<br><br>Defendants. | Case No. 2:11-cv-03780-GAF-PJW<br><br>[~~PROPOSED~~] **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date: December 5, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 740, 7th Floor<br>Judge: Hon. Gary A. Feess |

Pursuant to Federal Rule of Civil Procedure 55 and for good cause shown, it is hereby:

ORDERED AND ADJUDGED that Entry of Final Default Judgment is hereby granted in favor of Plaintiff, Chanel, Inc., a New York corporation, with its principal place of business located at Nine West 57th Street, New York, New York 10019, and against defendant The Unincorporated Association d/b/a luxevoute.com d/b/a etuimaison.com ("Defendant") as follows:

(1) Permanent Injunctive Relief:

Defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Plaintiff's trademarks identified in Paragraph 11 of the Complaint (the "Chanel Marks");

b. using the Chanel Marks in connection with the sale of any unauthorized goods;

c. using any logo and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names (1) luxevoute.com and (2) etuimaison.com (collectively the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Subject

Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags and wallets;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

j. using of the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under all of the Subject Domain Names.

(2) Additional Equitable Relief:

    a. In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrar to Plaintiff's control;

    b. If the Subject Domain Names fail to be transferred to Plaintiff by the Defendant and/or the Registrars of Record, within five (5) business days of receipt of this Order, then upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall cause to be changed or change the registrar of record for the Subject Domain Names to the United States based Registrar, GoDaddy.com, Inc., which will in turn, place control of the Subject Domain Names with Plaintiff; and

    c. Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registries responsible for the Subject Domain Names transfer and/or disable the Subject Domain Names.

(3) The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk.

IT IS SO ORDERED

DATED: January 23, 2012

GARY A. FEESS
UNITED STATES DISTRICT JUDGE